IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JABALI JEROME HOWARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 118-039 |
| | ) |
| GREGORY DOZIER, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Calhoun State Prison in Morgan, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. The Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.  BACKGROUND**

This case challenges the validity of Petitioner's 2013 guilty plea in the Superior Court of Richmond County to one count of voluntary manslaughter and one count of possession of a firearm by a convicted felon. On July 13, 2013, a Richmond County grand jury indicted Petitioner on one count of malice murder, one count of felony murder, one count of possession of a firearm during the commission of a crime, and one count of possession of a firearm by a convicted felon. (Doc. no. 10-5, pp. 104-06.) Represented by attorney Lyndsey A. Hix, Petitioner pleaded guilty to the lesser included offense of voluntary manslaughter in

Count One and to felon in possession of a firearm in Count Four. (Id. at 93-95, 107-13.) The state *noll prossed* Counts Two and Three, and Judge Michael N. Annis sentenced Petitioner to twenty years of incarceration and five years of probation on February 24, 2014. (Id. at 93-95.)

Petitioner subsequently filed a motion to withdraw his guilty plea, and the court held a hearing on Petitioner's motion on December 5, 2014. (Id. at 146-86.) Through new counsel Walter Pittman Morris, Petitioner raised the following grounds:

(1) Petitioner did not enter into his guilty plea freely and voluntarily because counsel pressured him into the deal, did not fully explain the plea to him, and convinced Petitioner's mother to convince him to take the deal.

(2) Counsel told Petitioner his sentence would be less than what he received.

(3) Counsel failed to investigate that the victim had assaulted Petitioner a few days prior to the murder.

(Id. at 150-53.) Judge Annis denied Petitioner's motion on December 5, 2014. (Id. at 188-89.) Petitioner did not file an appeal.

Petitioner filed a state habeas corpus petition on January 14, 2015, in Macon County. (Doc. no. 10-1.) The state petition raised two grounds:

(1) Counsel was ineffective for failing to challenge Petitioner's indictment as void for failing to be returned in open court and failing to set forth the essential elements of the crime.

(2) Petitioner was denied a preliminary hearing.

(Id. at 5.) Petitioner filed a brief in support and two motions to amend in which he raised the following additional ground:

(3) Petitioner was never indicted on the charge of voluntary manslaughter so the

2

Court lacked jurisdiction to enter a conviction or impose a sentence for it. (Doc. nos. 10-2, 10-3, 10-4.)

The state habeas court conducted an evidentiary hearing on December 15, 2015. (See doc. no. 10-5.) At the evidentiary hearing, Petitioner raised the following additional grounds: (1) post-plea counsel was ineffective for failing to raise the arguments he asked him to raise at the motion to withdraw guilty plea hearing; and (2) the indictment is void because it failed to specify the type of firearm used and failed to include the essential elements of aggravated assault. (Id. at 12-13, 29.) The state habeas court denied relief in a final order dated October 11, 2016. (Doc. no. 10-6.)

On March 9, 2018, Petitioner filed the present § 2254 petition, (doc. no. 1), and on April 2, 2018, he filed his brief in support, (doc. no. 4). For ease of reference, the Court has consolidated and renumbered the grounds Petitioner asserts in his petition and brief as follows:

(1) The indictment was void because it failed to

    a) charge the elements of voluntary manslaughter;

    b) allege the type of firearm used in Counts One through Four; and

    c) charge him with the underlying offense of aggravated assault.

(2) Petitioner's due process rights were violated because he was not granted a preliminary hearing.

(3) a) Plea counsel was ineffective for failing to identify or raise the above grounds during his state prosecution.

    b) Post-plea counsel was ineffective for failing to identify or raise the above grounds during his motion to withdraw guilty plea hearing.

(Doc. nos. 1, 4.) Respondent argues Petitioner procedurally defaulted his claims in Grounds 1(a)-(c), 2, and 3(a), and that the Court should defer to the state habeas court's ruling on Ground 3(b). (Doc. no. 9-1.)

## II.  STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

4

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572 U.S. -, 134 S. Ct. 1697, 1702 (2014). Rather, the habeas petition must show the state court decision was "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. -, 135 S. Ct. 1372, 1376 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct. Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

5

28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review."). "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . . Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

### III. DISCUSSION

#### A. Pursuant to AEDPA, This Court Defers to the State Court's Decision Denying Petitioner's Ineffective Post-Plea Counsel Claim in Ground 3(b)

##### 1. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's

6

decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. Indeed, "strategic choices are 'virtually unchallengeable.'" Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998) (citing Strickland, 466 U.S. at 690 and Waters v. Thomas, 46 F.3d 1506, 1522 (11th Cir. 1995) (*en banc*)). To show that an attorney's choice of strategy is unreasonable, a petitioner must show that no competent counsel would have made such a choice. Strickland, 466 U.S. at 690.

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion − though the presumption is not insurmountable − is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Ward v. Hall, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters, 46 F.3d at 1512).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

7

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted). Indeed, the Court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Thus, a petitioner must prove "serious derelictions" in counsel's advice regarding the plea. Stano, 921 F.2d at 1150-51. Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Hill, 474 U.S. at 56-59.

In the context of an ineffective assistance claim that was previously rejected by a state court, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Cave v. Sec'y for Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable"). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. at 699. "In short, an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Barwick v. Sec'y, Fla. Dep't of Corr., 794 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations and citations omitted).

Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly deferential, . . . when the two apply in tandem, review is doubly so." Richter, 562 U.S. at 105 (quotation marks and citations omitted); see also Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas"). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . . [F]ederal courts are to afford both the state court and the defense attorney the benefit of the doubt." Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016) (internal quotations and citations omitted). To obtain federal habeas relief, "[t]he

9

state court decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. Put another way, "[t]he Strickland standard is a general one, so the range of reasonable applications is substantial." Richter, 562 U.S. at 105; see also Woods, 135 S. Ct. at 1376 ("AEDPA's standard is intentionally difficult to meet.").

### 2. The State Court's Application of Strickland to Ground 3(b) Was Not Objectively Unreasonable

The state habeas court found counsel's performance sufficient and Petitioner not prejudiced under Strickland as to the same criticisms of post-plea counsel raised in Ground 3(b), an adjudication on the merits warranting the deferential standard of review prescribed by § 2254(d). See Blankenship v. Hall, 542 F.3d 1253, 1271 (11th Cir. 2008).

Petitioner's post-plea counsel, Walter Pittman Morris, testified he reviewed the indictment, the transcript of the guilty plea hearing, the waiver of rights forms, and all motions filed by both Petitioner and his plea counsel. (Doc. no. 10-5, pp. 27, 31-32.) Mr. Morris also testified he communicated with Petitioner regarding the motion to withdraw plea hearing in writing and in person as well as conferring with plea counsel. (Id. at 26.) While Petitioner expressed concerns regarding the validity of his plea to voluntary manslaughter when that was not charged in the indictment as well as denial of a preliminary hearing, Mr. Morris only raised the most viable and meritorious issues he saw and did not see any viable grounds other than those he raised at the hearing. (Id. at 26-28.) Under these circumstances, the state habeas court correctly found Mr. Morris's decision to not raise the issues Petitioner

requested reasonable. (Doc. no. 10-6, p. 6.) Indeed, it cannot be said that no competent counsel would have made such a choice. Strickland, 466 U.S. at 690.

Moreover, Petitioner suffered no prejudice because all of the grounds Petitioner argues counsel should have raised are meritless. The indictment was not void for failure to charge the lesser included offense of voluntary manslaughter, specify the exact model of gun used, or charge Petitioner with the underlying offense of aggravated assault. See Prather v. State, 576 S.E.2d 904, 906 (Ga. App. 2003) (holding conviction for voluntary manslaughter valid where indictment charged murder because under Georgia law voluntary manslaughter is lesser included offense of murder); United States v. Sutherland, 656 F.2d 1181, 1197 (5th Cir. 1981)[1] ("An indictment is not insufficient merely because some necessary allegation was stated with less specificity than might have been used."); Totten v. State, 577 S.E.2d 272, 274 (Ga. 2003) ("[F]ailure of the indictment to allege the aggravated assault under a separate count is not fatal [to felony murder charge] as there is no requirement that an indictment separately set out the predicate felony."). Nor was the state required to give Petitioner a preliminary hearing. See United States v. Coley, 441 F.2d 1299, 1301 (5th Cir. 1971) ("[T]he Constitution does not require preliminary hearings. Failure to hold a preliminary hearing, without more, does not amount to a violation of constitutional rights which would vitiate a subsequent conviction."). Post-plea counsel's failure to raise these non-meritorious issues cannot be ineffective or prejudicial. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) ("[Petitioner's]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

11

appellate counsel was not ineffective for failing to raise a nonmeritorious issue."); Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) ("it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance")

Because Petitioner cannot show an unreasonable decision by counsel or prejudice, the state habeas court's decision finding there was no ineffective assistance of post-plea counsel was not an unreasonable application of Strickland, and Petitioner's argument does not present a basis for relief.

### B. Petitioner Procedurally Defaulted the Claims in Grounds 1(a)-(c), 2, and 3(a)

#### 1. A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court, but could have raised by any available procedure. 28 U.S.C. § 2254(b)(1)(A) & (c). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308,

1313 (11th Cir. 2001)). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds. "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment." Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined

> with an interpretation of federal law. Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine. In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Id. at 1336 (internal quotations and citations omitted). Additionally, the Supreme Court has made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court. In such instances, unless the petitioner either establishes the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999). To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal. See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

### 2. Petitioner's Claims in Grounds 1(a)-(c), 2, and 3(a) Are Procedurally Defaulted Under O.C.GA § 9-14-48(d)

In Grounds 1(a)-(c), 2, and 3(a), Petitioner argues the indictment was void, he was improperly denied a preliminary hearing, and that plea counsel was ineffective for

15

challenging the same. (Doc. no. 1, pp. 5-8; doc. no. 4.) Respondent argues these claims are procedurally defaulted, as found by the state habeas court under O.C.G.A § 9-14-48(d), because they were not raised in the motion to withdraw guilty plea or on direct appeal. (Doc. no. 9-1, pp. 4-13.)

The state habeas court found that Grounds 1(a)-(c), 2, and 3(a) were procedurally barred under O.C.GA § 9-14-48(d) because Petitioner did not timely raise these claims in his motion to withdraw guilty plea and then assert them as error on direct appeal, even though he had new counsel, and alleged neither prejudice nor cause for not doing so. (Doc. no. 10-6, pp. 7-11 (citing Carter v. Johnson, 599 S.E.2d 170 (2004) (Ga. 1996); White v. Kelso, 401 S.E.2d 733 (Ga. 1991)).) Because the state court clearly relied on O.C.GA § 9-14-48(d) and applied it properly when finding these claims to be procedurally barred, the Court must defer to this ruling that was based on independent and adequate state law grounds. See Boyd, 697 F.3d at 1336. Accordingly, the Court hereby finds that Petitioner procedurally defaulted Grounds 1(a)-(c), 2, and 3(a) in the federal habeas petition.

### 3. Petitioner Has Not Alleged Cause to Justify Federal Review of His Defaulted Claims in Grounds 1(a)-(c), 2, and 3(a), and the Miscarriage of Justice Exception Does Not Apply

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."

Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted). "Once cause is proved, a petitioner also must prove prejudice. He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). For example, procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez v. Ryan, 566 U.S. 1, 12-18 (2012).

Petitioner has presented no justification for failing to raise these claims at his motion to withdraw plea hearing or in a direct appeal, let alone something external to him that cannot be fairly attributed to him. In addition, Petitioner can show neither prejudice resulting from the default nor that the claims are substantial as explained above. See *supra* III.A.2. Accordingly, Petitioner has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of the claims in Grounds 1(a)-(c), 2, and 3(a).

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). The narrow fundamental

17

miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray, 477 U.S. at 496. In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." 569 U.S. 383, 394-95 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner argues in his rebuttal that his case involves a miscarriage of justice because his indictment and conviction are void and he did not intend to kill the victim. (Doc. no. 11.) However, Petitioner does not submit any new evidence showing he is actually innocent of the crime of voluntary manslaughter. Indeed, Petitioner only makes the legal argument that he the indictment was void and he did not have the proper intent under the law. "[O]nly provid[ing] new interpretations of existing evidence [is] not . . . a sufficient showing of actual innocence to overcome the procedural default." Claritt v. Kemp, 336 F. App'x 869, 871 (11th Cir. 2009). Indeed, this is because "'actual innocence' means *factual* innocence, not mere legal insufficiency." McKay v. United States, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting Bousley v. United States, 523 U.S. 614, 623, (1998)); see also Sawyer v. Whitley, 505 U.S. 333, 339 (1992) ("the miscarriage of justice exception is concerned with actual as compared to legal innocence"). Consequently, because Petitioner presents no new evidence but only novel legal arguments, he has not shown a miscarriage of justice will occur if the Court does not consider this claim. Accordingly, Petitioner has failed to demonstrate

the cause and prejudice necessary to overcome his procedural default of the claims in Grounds 1(a)-(c), 2, and 3(a).

Accordingly, these claims in the instant § 2254 petition have been defaulted and provide no basis for federal habeas relief.

**IV. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 9th day of August, 2018, at Augusta, Georgia.

*[Signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA