IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JABALI JEROME HOWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-039 |
| | ) | |
| GREGORY DOZIER, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, an inmate at Calhoun State Prison in Morgan, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's letter to the Clerk of Court requesting appointment of counsel, (doc. no. 13-1), and "a copy of all pleadings/motions that you have on file" pertaining to this case. (doc. no. 13-2).

Initially, "if a litigant seeks judicial action of any sort . . . it must be contained within a motion arising from a properly filed lawsuit." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000). It may not be requested in a personal letter. Id. Thus, should Petitioner seek any future relief from this Court, he must file a properly captioned motion. He may not simply write letters to the Clerk of Court. In the future, the Court will direct the Clerk to return Petitioner's letters without docketing them.

**I.   MOTION TO APPOINT COUNSEL**

There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794

(11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2254, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[1]; see also 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed, there is no federal constitutional right" to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 209 (2018 ed.).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has been able to file motions on his own behalf and has been able to adequately present his claims to the Court. Therefore, the Court **DENIES** the motion for appointment of counsel. (Doc. no. 13-1.)

## II. MOTION FOR COPIES

Petitioner alleges "the State" lost his property and requests a copy of all pleadings and motions related to this case. (Doc. no. 13-2.) Generally, parties are not entitled to free copies

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

of court documents.  Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ."); see also Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292-93 (11th Cir. 2012) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis*, to free copies of court documents, including his own pleadings.").  Furthermore, Petitioner provides no factual detail regarding the alleged loss of his documents and has not raised the issue in a properly captioned motion.  However, it is important Petitioner have copies of the operative pleadings to respond to the Court's simultaneously entered report and recommendation. Accordingly, out of an abundance of caution, the Court **GRANTS** Petitioner's motion, (doc. no. 13-2), and **DIRECTS** the Clerk to attach to Petitioner's service copy of this Order one copy each of Petitioner's petition, (doc. no. 1), Petitioner's brief in support (doc. no. 4), Respondent's answer and brief in support, (doc. nos. 9, 9-1), and Petitioner's rebuttal, (doc. no. 11).

SO ORDERED this 9th day of August, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA